IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

JAMES E. WILLIAMS  PLAINTIFF
ADC #78429

V.  NO: 1:14CV00021 BSM/HDY

JAMES A. HILL  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff James E. Williams, an inmate at the Arkansas Department of Correction's Varner Unit, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on March 12, 2014. Sgt. James A. Hill is the only Defendant.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, on February 12, 2012, at the Arkansas Department of Correction's Grimes Unit, Hill accused him of placing boxer shorts and tissues with his blood and semen on them in a medical sick call box, along with a sick call form and a letter he wrote. Although Plaintiff did leave the sick call form and letter, he denied knowledge of the boxer shorts and tissues. Despite Plaintiff's denials, Hill wrote him a disciplinary charge falsely charging him with a number of violations in connection with the incident. Plaintiff appeared at a hearing, was found guilty on all the charges, and sentenced to 60 days of commissary, phone, and visitation restriction; 30 days of punitive isolation; and a reduction in class. Plaintiff asserts Hill's failure to have the bodily fluids tested by an expert and compared to his DNA violated his Eighth Amendment rights, and that he was denied due process in the proceedings. Plaintiff has no right to a particular class status, and, because he suffered no atypical and significant hardship as a result of his conviction, and false disciplinary charges are not themselves actionable, Plaintiff's complaint should be dismissed.

A reduction in class does not implicate a liberty interest. *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular class status);

*Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because Arkansas case law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, inmate could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction). Likewise, 30 days of punitive confinement and 60 days of restricted privileges does not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed); *Richardson v. Pevey et al.*, Case No. 5:12CV00096, 2012WL 1167086 (E.D. Ark. March 15, 2012) (unpublished opinion) (no protected liberty interest when inmate served 30 days in punitive isolation and commissary, telephone, and visitation privileges, were suspended for 60 days).

In the absence of a protected property or liberty interest, Plaintiff is left with at most a false disciplinary charge. However, a false disciplinary charge is not a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 485 U.S. 982 (1988)) (false disciplinary charges alone not a constitutional violation). Accordingly, Plaintiff's complaint should be dismissed.[1]

---

[1] Although Plaintiff has characterized his complaint as containing Eighth Amendment and due process claims, his complaint contains no factual allegations suggesting an Eighth Amendment violation, and actually only describes alleged due process violations in connection with the disciplinary proceedings. To the extent that Plaintiff may be raising an Eighth Amendment claim regarding the conditions of his confinement, the Court notes that he described no conditions which

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __13__ day of March, 2014.

                                              _____
                                              UNITED STATES MAGISTRATE JUDGE

---

deprive him of the minimal civilized measure of life's necessities, or expose him to a risk of harm. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996) (discussing requirements to establish a condition of confinement claim).